IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID LYKINS; PAMELA )
CRAIGHEAD; MAURICE BULLARD; )
and DONNA BURLESON, individually )
and on behalf of all others similarly ) No. 3-13-1374
situated )
)
v. )
)
FIRST ACCEPTANCE CORPORATION; )
FIRST ACCEPTANCE INSURANCE )
COMPANY, INC.; FIRST )
ACCEPTANCE INSURANCE )
COMPANY OF TENNESSEE, INC.; and )
FIRST ACCEPTANCE INSURANCE )
COMPANY OF GEORGIA, INC. )

O R D E R

The parties attached to their notice (Docket Entry No. 67) a proposed protective order (Docket Entry No. 67-1), which the Court construes as a joint motion for entry of a protective order, and, as such, it is GRANTED.

By contemporaneously entered order, the parties' proposed protective order is entered, except that the Court has modified § 9 to delete the proposed provision that relieves the filing party from filing a motion to seal in accord with § 5.07 of Administrative Order No. 167.

While the Court is willing to enter a protective order preventing disclosure of information during discovery, there is a heightened standard if a party wants to file material otherwise covered by the protective order under seal. The fact that information is subject to a protective order is not sufficient justification, in and of itself, to make a filing under seal. Rather, the filing party must show that filing under seal is proper under Rule 26(c) of the Federal Rules of Civil Procedure. See also Procter & Gamble Co. v. Bankers Trust Co., 78 F.3d 219 (6th Cir. 1996); and Brown & Williamson Tobacco Corp. v. Federal Trade Comm'n, 710 F.2d 1165 (6th Cir. 1983). Specifically, the filing party must "provide an adequate and specific explanation as to why the [filing] should be sealed and apprise the court of the specific harm that will occur if the [filing] is not sealed." United

States v. Woods, No. 12-6307 (6th Cir. Apr. 26, 2013); Elliott Co. v. Liberty Mut. Ins. Co., 2009 WL 750780, *10 (6th Cir. Mar. 23, 2009) ("strong presumption in favor of public access to judicial proceedings," citing EEOC v. National Children's Ctr., Inc., 98 F.3d 1406, 1409 (5th Cir. 1996)).

In addition, to the extent feasible, the filing party shall also file a redacted version of the filing proposed to be filed under seal that will be available for public view.

It is so ORDERED.

                                       _____
                                       JULIET GRIFFIN
                                       United States Magistrate Judge