# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DAVID LYKINS, PAMELA CRAIGHEAD, ) <br> MAURICE BULLARD and DONNA ) <br> BURLESON, Individually and On Behalf of ) <br> All Others Similarly Situated, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FIRST ACCEPTANCE CORPORATION, ) <br> FIRST ACCEPTANCE INSURANCE ) <br> COMPANY, INC., FIRST ACCEPTANCE ) <br> INSURANCE COMPANY OF TENNESSEE, ) <br> INC., and ACCEPTANCE INSURANCE ) <br> AGENCY OF TENNESSEE, INC., ) <br> ) <br>     Defendants. ) | Civil No. 3:13-cv-01374 <br> Judge Sharp |

## Memorandum

Pending before the Court are Plaintiffs' four Motions to Accept Late-Filed Consent Forms of Additional Putative Class Members (Docket Nos. 54, 60, 62, 34) and Defendants' objections and responses. For the reasons stated herein, Plaintiffs' first Motion will be granted and Plaintiffs' second, third and fourth Motions will be denied.

### I. Background

Plaintiffs' complaint before this Court alleges unfair labor practices under the Fair Labor Standards Act ("FLSA") on behalf of the named Plaintiffs and all others similarly situated. On April 16, 2014, the Court granted Plaintiffs' Unopposed Motion to Conditionally Certify the Class and Approve Court-Supervised Notice and Consent Form. (Docket No. 17). As a result of

1

the Order, individuals who desired to participate as a plaintiff in the present lawsuit were required to opt-in by filing a "Consent to Become Party Plaintiff" form within ninety days from the date of entry of the Order. (Docket No. 13-1). The parties agree that the opt-in deadline was July 17, 2014.

On July 18, 2014, one day after expiration of the deadline, Wesley P. Zimmerman sought to join the class. (Docket No. 52). On July 22, 2014, five days after expiration of the deadline, Shirley C. Gerdes sought admission, and on September 4, 2014, forty-nine days after expiration of the deadline, Patricia Ann Brogan and Charles H. Brown sought admission to the collective action (collectively "First Group"). (Docket Nos. 53, 54). Thereafter, several more individuals filed consent forms after expiration of the opt-in deadline including four individuals on October 13, 2014 (almost three months late), one individual on November 21, 2014 (over 4 months late), and three individuals on December 18, 2014 (five months late) (collectively "Second Group.") (Docket Nos. 60, 62, 64).

Plaintiffs moved the Court to accept the late-filed consent forms of the First Group in their first Motion to Accept Late-Filed Consent Forms of Additional Putative Class Members. (Docket No. 54). Plaintiffs' second, third and fourth Motions to Accept Late Filed Consent Forms of Additional Putative Class Members concerned the Second Group. (Docket Nos. 60, 62, 34).

## II. Analysis

"The FLSA provides the procedure for potential plaintiffs to opt-in to a collective action but does not specify when the potential plaintiff must opt-in." Kimbrel v. D.E.A. Corp., 2015 WL 1396898, at *2 (E.D. Tenn. March 26, 2015) (citing Ruggles v. Wellpoint, Inc., 687 F.Supp.2d

30, 37 (N.D.N.Y. 2009)). "Consequently, deadlines to opt-in are established by the trial court." Id.

Although case law is wide-ranging, courts in the Sixth Circuit have recently utilized the following factors in determining whether to include opt-in plaintiffs whose consent forms are filed after the deadline: "(1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." Id. See, Hurt v. Commerce Energy, Inc., 2014 WL 494571, at *1 (N.D. Ohio Feb. 6, 2014); Heaps v. Safelite Solutions, LLC, 2011 WL 6749053, at *1 (S.D. Ohio Dec. 22, 2011).

Plaintiffs argue for admission of all late-filed consent forms on the grounds of judicial economy. Specifically, Plaintiffs argue that not allowing the late opt-in plaintiffs to participate in this action would result in one or more of them filing separate, duplicative lawsuits and then moving for consolidation of the cases. Judicial economy is served, according to Plaintiffs, by granting their motions to admit the late opt-ins, thereby avoiding the aforementioned burdensome process of duplicative litigation and eventual consolidation. The Court agrees that judicial economy weighs in favor of granting Plaintiffs' motions. See Kimbrel, 2015 WL 1396898, at *3 ("[T]he Court finds that permitting [the late op-in plaintiffs] to join the collective action will further judicial economy, because the Court will not be required to supervise and dispose of separate, but essentially identical cases.") However, judicial economy is just one factor the Court considers in determining whether to admit late opt-ins.

After weighing all the factors, the Court finds admission is warranted with regard to the First Group. As discussed above, judicial economy weighs in favor of admission. Additionally, the Court finds that Defendants are not prejudiced by allowing the First Group to opt-in because the

impact of adding four more plaintiffs to a class of well over 200 individuals is relatively benign and not overly burdensome. See Hurt, 2014 WL 494571, at *1 (finding that inclusion of late-filed opt-ins which increased the size of the class by less than 5% did not overly burden or prejudice the defendants); Heaps, 2011 WL 6749053, at *2 ("Given that over 200 persons have consented to opt-in, the inclusion of these 21 plaintiffs, approximately 10% increase in the size of the potential class, will not overly burden or prejudice Defendants"); Ruggles, 687 F.Supp.2d at 37-38 (finding that the addition of 10 opt-in plaintiffs to a class of over 300 persons did not overly burden or prejudice the defendant).

Further, because the First Group's filings were delayed by less than two months, (and in the cases of Zimmerman and Gerdes, mere days), Defendants do not face unfair surprise such that they are hampered in the discovery process or must take additional steps to defend the action. See Hurt, 2014 WL 494571, at * 2 (where delay is less than a month, the defendants do not face unfair surprise, are not required to take additional steps to defend the action, and are not hampered in the discovery process); Heaps, 2011 WL 6749053, at *2 (filings delayed by a few months did not present any unfair surprise or require that the defendants take any additional steps to defend the action.) Indeed, Plaintiffs contend that at the time they filed their first Motion to Accept Late-Filed Consent Forms of Additional Putative Class Members, Defendants had not propounded any discovery to the Plaintiffs, and Defendants do not argue otherwise. As a result, Defendants are not prejudiced by adding the First Group to the collective action. See Regan v. City of Charleston, S.C., 2015 WL 1299967, at *3 (D.S.C. Mar. 23, 2015) (where parties had not yet engaged in representative discovery, the defendant was not prejudiced by a one-month delay in filing).

Permitting the First Group to join the collective action is consistent with the remedial purpose of the FLSA. As several courts have noted, "[A] generous reading, in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines." Kimbrel, 2015 WL 1396898, at *3 (citing Heaps, 2011 WL 6749053, at *2); Hurt, 2014 WL 494571, at *2.

Finally, with regard to the First Group, the Court notes that although Plaintiffs have not offered good cause for the untimeliness of the First Group's opt-in notices, admission of Plaintiffs to the class is warranted because all other factors weigh in Plaintiffs' favor. Hurt, 2014 WL 494571, at *1 (citing Ruggles, 687 F.Supp.2d at 37) (permitting late opt-in plaintiffs to join collective class even though the plaintiffs offered no good cause for their failure to timely file because all other factors weighed in their favor). Accordingly, Zimmerman, Gerdes, Brown and Brogan's late-filed consent forms will be accepted by the Court.

Regarding the Second Group, the Court finds the factors do not support admission. Specifically, the Second Group's extensive delay in filing the additional consent forms weighs against acceptance. The Court finds that, generally, the majority of courts permitting late opt-ins to join collective actions were faced with a filing delay of no more than one or two months. See Kimbrel, 2015 WL 1396898, at *3 (permitting filings delayed by "only a few weeks"); Hurt, 2014 WL 494571, at *2 (permitting filings delayed by "less than a month"); Ruggles, 687 F.Supp.2d 30, 37 (one month)). See also, Stevenson v. Great Am. Dream, Inc., 2014 WL 4925597, at *2 (N.D. Ga. Sept. 30, 2014) (permitting filings submitted within the two months following the deadline). Cf., Heaps, 2011 WL 6749053, at *1 (permitting filings delayed by 71 days, but noting the majority of the late filings at issue were delayed by a month or less). Here, the first consent forms in the Second Group were not filed until almost three months after

5

expiration of the deadline, and the last consent forms were filed five months late. As a result, the Second Group's filings stand in stark contrast to the late filings in the majority of cases permitting late opt-ins, and their prolonged delay does not support admittance.

Additionally, Plaintiffs' failure to offer good cause as to why filing was delayed for a prolonged period of time weighs against permitting acceptance of the Second Group's late-filed consent forms. See Stransky v. HealthONE of Denver, Inc., 2014 WL 1328585, at *3-4 (D. Colo. Apr. 3, 2014) (where there was a four-month delay in filing consent forms, the length of delay, the reason for it, whether such reason was within the plaintiffs' counsel's control, and the existence of good faith weighed against permitting late joinder). In making this determination, the Court notes that, unlike the Court's analysis regarding the First Group, Plaintiffs' failure to offer good cause as to the untimeliness of the Second Group's consent forms weighs against admission when coupled with the prolonged delay in filing. See Hurt, 2014 WL 494571, at *1 (citing Ruggles, 687 F.Supp.2d at 37) (disregarding the plaintiffs' failure to offer good cause as to why filings were delayed only when all other factors weighed in favor of acceptance).

Accepting the Second Group's late-filed consent forms without a showing of good cause as to why they were extensively delayed and based only on Plaintiffs' judicial economy argument would create a situation in which the late-filers were essentially granted *carte blanche* to file additional consent forms by merely citing to a "well-worn efficiency argument" and which makes the court-imposed deadline meaningless. Morangelli v. Chemed Corp., 275 F.R.D. 99, 122 (E.D.N.Y. 2011), amended on reconsideration (July 8, 2011) (citing Ruggles, 687 F.Supp.2d 30) (noting concern that plaintiffs' "well-worn efficiency argument" was becoming "*carte blanche* to file additional consent forms" after the Court had already extended the opt-in period by 60 days, and finding that "not requiring good cause at all would make a court-imposed

deadline…meaningless.") Accordingly, in the absence of good cause as to why the Second Group's filings were extensively delayed, the Court finds that acceptance of the Second Group's late-filed consent forms is not warranted.

### III. Conclusion

Based on the foregoing, Plaintiffs' first Motion to Accept Late-Filed Consent Forms of Additional Putative Class Members (Docket No. 54) will be granted. The late-filed consent notices of Wesley P. Zimmerman, Shirley C. Gerdes, Patricia Ann Brogan, and Charles H. Brown (Docket Nos. 52, 53, 54-1) shall be considered timely. Plaintiffs' second, third and fourth Motions to Accept Late Filed Consent Forms of Additional Putative Class Members (Docket Nos. 60, 62, 64) will be denied.

An appropriate order will enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE